03-00069
USDC|RI
Torres, E.

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 04-2482

UNITED STATES,

Appellee,

v.

BRIAN M. PAIGE,

Defendant, Appellant.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

JUDGMENT

Entered: August 31, 2005

Appellant, Brian M. Paige ("Paige"), appeals his sentence, alleging that it violates United States v. Booker 125 S. Ct. 738 (2005), and Shepard v. United States, 125 S.Ct. 1254 (2005), because he did not admit, and a jury did not find, the three prior convictions that triggered a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). After considering the parties' briefs and the record below, we affirm.

"The rationale of Apprendi [v. New Jersey, 530 U.S. 466 (2000)] and therefore of Blakely [v. Washington, 124 S. Ct. 2531 (2004)] simply does not affect sentence-enhancement provisions premised upon a defendant's prior criminal convictions. In the roiled wake of Booker, it remains the law that previous criminal convictions are not 'facts' that must be found by a jury and proved beyond a reasonable doubt." United States v. Work, 409 F.3d 484, 491 n.1 (1st Cir. 2005)(internal citations omitted). See also United States v. Lewis, 406 F.3d 11, 21 n.11 (1st Cir. 2005)("The [armed career criminal] finding does not implicate the Booker line

of cases because prior criminal convictions are not facts that a jury must find beyond a reasonable doubt."). Paige's sentence does not, therefore, violate Booker.

Nor does his sentence violate Shepard. To support his allegation of a Shepard violation, Paige argues that Shepard implicitly overruled Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998), in which the Supreme Court held that prior convictions were not facts that needed to be proven beyond a reasonable doubt and quotes Justice Thomas's concurrence in Shepard, 125 S. Ct. at 1264 (Thomas, J., concurring). The Supreme Court has, however, consistent with Almendarez-Torres, explicitly excepted prior convictions from its holdings in Apprendi, see 530 U.S. at 489, Blakely, see 124 S. Ct. at 2536, and Booker, see 125 S. Ct. at 756, and "it is [the Supreme] Court's prerogative alone to overrule one of its precedents." State Oil Co. v. Khan, 522 U.S. 3, 20 (1997). "Our marching orders are clear: follow Supreme Court decisions until the Supreme Court overrules them." United Parcel Serv., Inc. v. Flores-Galarza, 318 F.3d 323, 335 n.19. (1st Cir. 2003). Almendarez-Torres continues to be good law, and therefore, prior convictions are not facts that must be admitted by defendant or proven beyond a reasonable doubt.

Because Paige's sentence violates neither Booker nor Shepard, we affirm.

Affirmed. 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. R 41.**

**Richard Cushing Donovan, Clerk**

[signature]
**Deputy Clerk**

**Date:** 9/22/05

[cc: Edward C. Roy, Jr., AFPD, Zechariah Chafee, AUSA, Donald Lockhart, AUSA]